COPY

KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
SORENSON GROUP HOLDINGS, LLC, JAMES L.
SORENSON, JOSEPH SORENSON, AND TIMOTHY
FENTON

ORIGINAL
FILED

APR - 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

*SI*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH SORENSON, TIMOTHY FENTON, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. _____ **1484**<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Sorenson Group Holdings, LLC, James L. Sorenson, Joseph Sorenson, and Timothy Fenton ("Defendants") hereby remove to this Court the State Court action described below pursuant to 28 U.S.C. § 1441:

1.    On March 3, 2009, GEM Acquisitionco, LLC and GEM Realty Fund IV, L.P. ("Plaintiffs") filed their Complaint in the Superior Court of the State of California for the County of San Francisco against Defendants, entitled GEM Acquisitionco, LLC, *et al.* v. Sorenson Group Holdings, LLC, *et al.*, Case No. CGC 09-485683.  A copy of the Complaint, along with the Notice to Plaintiff, and Proofs of Service regarding the Complaint, is attached hereto as Exhibit 1.

1

1        2.        Defendants were served with the Complaint on March 5, 2009.

2        3.        This Notice of Removal is filed within 30 days of receipt of service as required by

3   28 U.S.C. § 1446(b). By filing this Notice of Removal, Defendants reserve all rights and legal

4   defenses to the Complaint.

5        4.        This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332

6   because Plaintiffs and Defendants are citizens of different states.

7        5.        Plaintiff GEM Acquisitionco, LLC is a Delaware limited liability company with its

8   principal place of business in Chicago, Illinois. Plaintiff GEM Realty Fund IV, L.P. is a

9   Delaware limited partnership with its principal place of business in Chicago, Illinois.

10       6.        Defendant Sorenson Group Holdings, LLC is a Utah limited liability company

11   with its principal place of business in Salt Lake City, Utah. Defendants James L. Sorenson,

12   Joseph Sorenson and Timothy Fenton are members of Sorenson Group Holdings, LLC and

13   individuals living in Utah.

14       7.        The Complaint also names as Defendants DOES 1 through 25 ("DOE

15   Defendants"). The citizenship of DOE Defendants should be ignored for purposes of determining

16   jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on the grounds that 28 U.S.C. §1441(a)

17   expressly states that DOE Defendants must be disregarded for purposes of removal.

18       8.        The amount in controversy exceeds the sum value of $75,000, exclusive of

19   interests and costs. Plaintiffs are requesting a judgment that they are not required to release over

20   $5,000,000 of Defendants' money, which is currently in escrow. Additionally, Plaintiffs

21   requested damages, interest on damages, and disgorgement and/or restitution of any unjust

22   enrichment. As one basis for Plaintiffs' requested relief, Plaintiffs plead that the Defendants

23   usurped Plaintiffs' opportunity to acquire a Loan Portfolio for which Plaintiffs had bid $40.15

24   million.

25       9.        Defendants have provided written notice of the filing of this Notice of Removal to

26   Plaintiffs and their attorneys as required by 28 U.S.C. § 1446(d).

27

28

10. Defendants contemporaneously filed a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco as required by 28 U.S.C. § 1446(d).

11. Defendants are filing on this date of this Notice, a Notice of Removal to Federal Court with the San Francisco Superior Court in Case No. CGC 09-485683. A true and correct copy of the Notice of Removal to Federal Court is attached hereto as Exhibit 2.

12. True and correct copies of three Commissions to Take Deposition Outside California, which were issued by the San Francisco Superior Court in Case No. CGC 09-485683, and declarations filed in support of an order that the commissions issue, are attached as Exhibit 3.

WHEREFORE, Defendants pray that the above action, now pending in the Superior Court of the State of California for the County of San Francisco, be removed to this Court for determination.

Dated: April 3, 2009

KENNETH A. KUWAYTI
MORRISON & FOERSTER LLP

By: _____
KENNETH A. KUWAYTI

Attorneys for Defendants
SORENSON GROUP HOLDINGS,
LLC, JAMES L. SORENSON,
JOSEPH SORENSON, and TIMOTHY
FENTON

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH
SORENSON, TIMOTHY FENTON, and DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P.

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, CA 94012

</td><td>

CASE NUMBER:
*(Número del Caso):* **09-485683**

**BY FAX**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William J. Goines/Karen Rosenthal/Cindy Hamilton     Tel: (650) 328-8500     Fax: (650) 328-8508
Greenberg Traurig, LLP
1900 University Ave, 5th Floor
East Palo Alto, CA 94303

DATE: MAR 30 2009     GORDON PARK-LI     Clerk, by _____ CRISTINA BAUTISTA, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

WILLIAM J. GOINES (SBN: 061290)
KAREN ROSENTHAL (SBN: 209419)
CINDY HAMILTON (SBN: 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Plaintiff GEM
ACQUISITIONCO, LLC and GEM
REALTY FUND IV, L.P.

ENDORSED
FILED
Superior Court of California
County of San Francisco

MAR 3 - 2009

v.      CRISTINA BAUTISTA
Deputy Clerk

JUL 3 1 2009 - 9:00 AM

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P., | Case No.   CGC-09-485683 |
| Plaintiffs; | **COMPLAINT FOR** |
| v. | 1. **BREACH OF FIDUCIARY DUTY** |
| | 2. **BREACH OF CONTRACT** |
| SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH SORENSON, TIMOTHY FENTON, and DOES 1-25, inclusive, | 3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | 4. **UNJUST ENRICHMENT, AND** |
| | 5. **DECLARATORY JUDGMENT** |
| Defendants. | **(DEMAND FOR JURY TRIAL)** BY FAX |

Plaintiffs GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P. complain and allege against Defendants SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH SORENSON, TIMOTHY FENTON and DOE defendants 1 through 25, inclusive, as follows:

## NATURE OF THE ACTION

1.    This is an action for breach of fiduciary duty and breach of contract by a joint venturer, among other claims. Defendants induced Plaintiffs to collaborate with them to jointly acquire the interests in a loan Portfolio being auctioned to the public by the FDIC.

1
COMPLAINT

SV 346,367,734v1 3-2-09

2. The auction process was multi-staged – after potential bidders were qualified and approved by the FDIC, competitive bids were to be submitted, along with a small deposit; a winning bidder was to be initially selected by the FDIC; and then the Portfolio was to be actually sold at a closing to be held within a week, where the high bidder had to provide the tens of millions of dollars required by its bid. Otherwise, the sale would fail, and the Portfolio would remain available to the remaining bidders.

3. A third-party, DBS, apparently was the initial high bidder and was so advised by the FDIC. Immediately thereafter, DBS also apparently contacted Defendants to ask them to enter into some form of pre-closing arrangement with DBS, to facilitate and enable DBS's actual acquisition of the Portfolio.

4. Defendants told Plaintiffs of the contact by DBS and of Defendants' desire to negotiate, for themselves, some pre-closing arrangements with DBS. Plaintiffs told Defendants that Defendants could not do so, because doing so would be contrary to the interests of their joint venture to acquire the Portfolio. Among other things, the fact that DBS was seeking new pre-closing arrangements and participants strongly suggested that DBS either did not then have the ability to actually close and acquire the Portfolio, or did not like the arrangements it then had, and might choose not to close, absent Defendants' assistance.

5. Upon being advised of Plaintiffs' vehement objections, Defendants responded that they would terminate any such pre-closing discussions and negotiations with DBS. But Plaintiffs have now learned that Defendants secretly continued their discussions with DBS and, on information and belief, in fact entered into some form of pre-closing arrangement with DBS that enabled and facilitated DBS's ability and decision to go forward and actually acquire the Portfolio.

6. Defendants' pre-closing arrangements with DBS both undermined the very purpose of their joint venture with Plaintiffs to acquire the Portfolio and, at a minimum, usurped an opportunity that was available for the venture. In so doing, Defendants breached both their common law fiduciary duties to Plaintiffs as co-venturers, and breached specific terms of their written agreement with Plaintiffs.

## PARTIES, JURISDICTION AND VENUE

7.     Plaintiff GEM Acquisitionco, LLC ("GEM Acquisition"), is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Plaintiff GEM Realty Fund IV, L.P. ("GEM Realty Fund"), is a Delaware limited partnership with its principal place of business in Chicago, Illinois. GEM Acquisition and GEM Realty Fund are collectively referred to as "GEM" or "Plaintiffs".

8.     Defendant Sorenson Group Holdings, LLC ("Sorenson Group") is a Utah limited liability company with its principal place of business in Salt Lake City, Utah. Defendants James L. Sorenson, Joseph Sorenson and Timothy Fenton are, on information and belief, members of Sorenson Group, and individuals residing in Utah. Sorenson Group, James L. Sorenson, Joseph Sorenson and Timothy Fenton are collectively referred to as "Sorenson" or "Defendants."

9.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs allege on information and belief that each fictitiously named defendant is responsible in some manner or status to pay the obligations described herein, and Plaintiffs' losses as herein alleged were proximately caused by the acts of Defendants and the defendants sued herein as Does 1 through 25, inclusive

10.     The Court has jurisdiction over this action by virtue of the fact that this is a civil action where the matter in controversy is within the jurisdictional limits of the Court, and in that Sorenson and GEM consented to jurisdiction in this Court in the Escrow Agreement described below. Venue is properly in this county under Code of Civil Procedure §§395 and 395.5 because some or all of Defendants' obligations and/or liability arises in the County of San Francisco, and in that Sorenson and GEM consented to venue in this Court in the Escrow Agreement described below. Escrow agent First American Title Insurance Co., discussed below, is located in the County of San Francisco.

## GENERAL ALLEGATIONS

11.     GEM and Sorenson entered into an Agreement on or about February 9, 2009, whereby GEM and Sorenson agreed to collaborate, to jointly purchase an interest in a pool of commercial

COMPLAINT

SV 346,367,734v1 3-2-09

1   construction loans being auctioned off by the Federal Deposit Insurance Corporation ("FDIC") in its
2   capacity as the receiver for two failed banks (the "Loan Portfolio" or the "Portfolio"). A true and
3   correct copy of the Agreement is attached hereto as Exhibit A.

4        12.    Sorenson needed GEM as part of the purchasing venture because GEM was a qualified
5   bidder with the FDIC, and Sorenson was not.

6        13.    The structure of the GEM / Sorenson venture acknowledged among other things that
7   GEM, as the qualified FDIC bidder, had put up a $100,000 deposit with Keefe Bruyette and Woods
8   ("KBW"), the investment bank handling the bidding process, demonstrating the joint venture's *bona*
9   *fide* interest in acquiring the Portfolio should it become available to them through the bidding
10  process.

11       14.    The venture further provided that, in the event the GEM / Sorenson bid for the
12  Portfolio was initially identified by the FDIC as the winning bidder, then the venture would proceed
13  to actually acquire the Portfolio essentially as follows: (a) Sorenson would provide all funding to
14  initially acquire the Portfolio, and (b) GEM would have two options: either (i) take 30 days to
15  investigate and decide to contribute half the funding and own one-half of the ongoing business, or (ii)
16  take a $600,000 payment in lieu of any ongoing interest in the business for its role in the process. As
17  the Agreement and option provision reflect, GEM and Sorenson shared a community of interest in the
18  performance of a common purpose in acquiring the Portfolio.

19       15.    To insure that Sorenson was committed to the venture's effort to acquire the Portfolio,
20  GEM also required that Sorenson put money into escrow. As provided by the Agreement and the
21  Escrow Agreement (Exhibit B hereto), in the event the GEM / Sorenson bid was identified by the
22  FDIC as the winning bid, approximately $4 million of the Escrow funds were to be used toward
23  Sorenson's obligations to the venture to provide the proceeds for closing; and $600,000 were to be
24  retained in escrow to make the direct payment to GEM, should GEM ultimately decide not to
25  continue in the venture (i.e., not fund and participate in the ongoing business) as it had the option to
26  do.

27       16.    On the other hand, in the event the venture would prove to be unsuccessful, because
28  another bidder successfully acquired the Portfolio, the Agreement and Escrow Agreement provided

1  that GEM would be entitled to the return of its $100,000 bid deposit with KBW, and GEM and

2  Sorenson would jointly deliver written instructions to the escrow agent to return the escrow funds to

3  Sorenson.

4       17.    Having made all the foregoing arrangements, and pursuant to the purpose of the

5  venture, on February 10, 2009, GEM submitted a bid on behalf of the GEM / Sorenson venture to the

6  FDIC for the Portfolio in the amount of $40,150,000.

7       18.    Then Defendants' shenanigans began.  As previously alleged, and within two days,

8  Sorenson told GEM that it had been contacted by a competitive bidder, Diversified Business

9  Strategies ("DBS").  According to Sorenson, DBS claimed that it was the high bidder and wanted to

10  negotiate some arrangement – pre-closing – whereby Sorenson would provide financial support so

11  that DBS could actually close and thus acquire the Portfolio.

12       19.    Defendants told Plaintiffs of the contact by DBS and of Defendants' desire to

13  negotiate, for themselves, some pre-closing arrangements with DBS.  Plaintiffs told Defendants that

14  Defendants could not do so, because doing so would be contrary to the interests of their joint venture

15  to acquire the Portfolio.  The fact that DBS was seeking new pre-closing arrangements and

16  participants strongly suggested that DBS either did not then have the ability to actually close and

17  acquire the Portfolio, or did not like the arrangements it then had, and might choose not to close,

18  absent Defendants' assistance.

19       20.    Upon being advised of Plaintiffs' vehement objections, Defendants responded that

20  they would terminate any such pre-closing discussions and negotiations with DBS.  But Plaintiffs

21  have now learned that Defendants secretly continued their discussions with DBS and, on information

22  and belief, in fact entered into some form of pre-closing arrangement with DBS that enabled and

23  facilitated DBS's ability and decision to go forward and actually acquire the Portfolio.

24       21.    Defendants' pre-closing arrangements with DBS both undermined the very purpose of

25  their joint venture with Plaintiffs to acquire the Portfolio and, at a minimum, usurped an opportunity

26  that was available for the venture.  In so doing, Defendants breached both their common law

27  fiduciary duties to Plaintiffs as co-venturers, and breached specific terms of their written agreement

28  with Plaintiffs.

SV 346,367,734v1 3-2-09

22. As to Defendants' fiduciary duties, among others, Defendants owed Plaintiffs the duties of loyalty and good faith. On information and belief, Defendants breached such duties by entering into an arrangement to provide financial support to a competitive bidder – before that competitor successfully closed and acquired the Portfolio – for the very purpose of enabling that competitive bidder to actually acquire that Portfolio or to do so on economic terms the competitor deemed attractive enough to cause it to close. Indeed, as Plaintiffs pointed out to Defendants, the fact that DBS reached out for a last-second deal with Defendants pre-closing strongly suggested that DBS was unable or perhaps unwilling to close the purchase of the Portfolio based on whatever other arrangements it might have been counting on. The provision by Defendants of pre-closing support for the venture's competitor facilitated the competitor's acquisitions of the Portfolio and was a breach of the duties of loyalty and good faith to GEM.

23. Further, on information and belief, in consideration for Defendants' pre-closing commitment to support DBS's acquisition of the Portfolio, DBS specifically or implicitly agreed pre-closing to immediately transfer some or all of the Portfolio it was acquiring from the FDIC to the Defendants. In fact, Sorenson has entered into an arrangement with DBS whereby Sorenson has acquired all but a small interest in the Portfolio, in which DBS will retain only limited economic and management interests. Sorenson publicly disclosed its arrangement with DBS on or about February 27, 2009, one day after the FDIC announced that it had closed the sale of the Portfolio to DBS. On information and belief, the price of the DBS/Sorenson purchase of the Portfolio was $41 million, only slightly more than the $40.15 million bid by GEM/Sorenson. With such arrangements in place pre-closing, the Defendants' acquisition of their interest in the Portfolio was in substance and effect a direct or indirect purchase of that interest from the FDIC, in breach of the Agreement.

24. As indicated in Section 9 of the Agreement, the parties intended their collaborative efforts to acquire the Portfolio from the FDIC to continue for up to one year or until some other bidder successfully and independently acquired the Portfolio from the FDIC. But as previously alleged, the wrongful conduct complained of herein occurred prior to the passage of one year – indeed, it occurred within days of the execution of the Agreement, and occurred prior to the successful acquisition of the Portfolio from the FDIC by another bidder. Indeed, the Defendants'

1   wrongful agreement and arrangements were made pre-closing, and facilitated and enabled DBS to

2   actually acquire the Portfolio from the FDIC.

3         25.     Alternately viewed, Defendants cannot justify their breach of their fiduciary duties to

4   GEM by turning the prohibitions of Section 9 of the Agreement on their head, and contending that

5   their "pre-closing" arrangements were actually permitted by the Agreement because the arrangements

6   were made with the bidder that ultimately, successfully acquired the Portfolio from the FDIC. The

7   section does not purport in any way to legitimize pre-closing wrongful conduct that enables another

8   competitor to successfully acquire the Portfolio from the FDIC – which is what Defendants engaged

9   in.   It simply and only states that Defendants (or GEM) can "acquire" the Portfolio from the

10   successful bidder (not facilitate and contribute to that bidder's "success").   Indeed here, the

11   Defendants did not simply acquire the Portfolio from DBS, they entered into agreements and

12   arrangements with DBS to provide some form of financial support that DBS used and relied upon to

13   "close," and in exchange for those pre-closing commitments, Defendants received – pre-closing –

14   some form of interest in the DBS venture, or a right to immediately acquire the Portfolio or some

15   interest in it, upon DBS's "acquisition" of that Portfolio.

16         26.     Despite its actions in breach of the Agreement and in breach of its fiduciary duties,

17   Sorenson has nonetheless asked that GEM sign off on joint instructions to the escrow agent to release

18   to Sorenson the escrow funds deposited to facilitate the GEM-Sorenson joint venture. However, per

19   the parties' Agreement and Escrow Agreement, the escrow funds are only to be released in the event

20   of an unsuccessful *good faith* attempt by the GEM/Sorenson joint venture to acquire the Portfolio.

21   Had Sorenson fulfilled its duties to GEM and proceeded in good faith with a GEM/Sorenson

22   acquisition, approximately $4 million of the Escrow funds were to be used toward Sorenson's

23   obligations to the venture to provide the proceeds for closing; and $600,000 were to be retained in

24   escrow to make a direct payment to GEM, should GEM ultimately decide not to continue in the

25   venture (i.e., not fund and participate in the ongoing business) as it had the option to do. But as set

26   forth herein, Sorenson has not fulfilled its duties to GEM to facilitate the GEM/Sorenson acquisition

27   of the Portfolio, but has instead misappropriated the Portfolio opportunity for itself.   Sorenson thus

28   has no good faith basis to demand that GEM sign off on the instructions to release all of the escrow

COMPLAINT

funds in which GEM has an interest.  Indeed, the escrow funds may still be needed to close a purchase of the Portfolio by GEM in the event that the DBS/Sorenson purchase of the Portfolio is rescinded by the FDIC in light of the DBS/Sorenson dealings alleged herein.  In that case, the deal may revert to a "lower" bidder, such as GEM.

27.     As noted above, First American Title in San Francisco is the escrow agent holding the escrow funds.  Under the Escrow Agreement, in the absence of joint written instructions to release the escrow funds to Sorenson, the escrow agent is not to disburse or otherwise release any portion of the escrow funds unless and until the escrow agent receives a written order from a court of competent jurisdiction directing the escrow agent to disburse or release.  Given, *inter alia*, Sorenson's breach of its contractual and fiduciary duties, and the intent of the Agreement, and/or the remaining possibility that the escrow funds will still be needed to close the purchase for which they were originally intended, no such joint written instructions are due, and no such order to disburse escrow funds should issue.

## FIRST CAUSE OF ACTION

### [Breach of Fiduciary Duty - Against All Defendants]

28.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

29.     By virtue of their collaborative efforts with respect to acquisition of the Portfolio, GEM and Sorenson were joint venturers, and Sorenson thus had fiduciary duties to GEM.  These fiduciary duties included the duties of loyalty, good faith and honesty in dealing with GEM.

30.     Sorenson breached these duties by, among other things, and as set forth herein, undermining the GEM/Sorenson joint venture's opportunity to acquire the Loan Portfolio, and/or usurping that opportunity to acquire the Loan Portfolio for its own benefit.  GEM was damaged as a result.

WHEREFORE, Plaintiffs pray for relief as set forth below:

## SECOND CAUSE OF ACTION

### [Breach of Contract - Against All Defendants]

31.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

COMPLAINT

SV 346,367,734v1 3-2-09

32.     GEM and Sorenson entered into valid, binding contractual obligations, which, while GEM has performed, Sorenson has breached by, *inter alia*, breaching the Agreement's non-circumvention clause.  As a result of Sorenson's breach, GEM has been damaged.

WHEREFORE, Plaintiffs pray for relief as set forth below:

### THIRD CAUSE OF ACTION

**[Breach of the Implied Covenant of Good Faith and Fair Dealing – Against All Defendants]**

33.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

34.     Defendants had a duty to act in good faith in connection with implementation of the Agreement and the Escrow Agreement.

35.     Defendants breached their duty to act in good faith by failing to perform their obligations under the Agreement and the Escrow Agreement.  As a result of Sorenson's breach, GEM has been damaged.

WHEREFORE, Plaintiffs pray for relief as set forth below:

### FOURTH CAUSE OF ACTION

**[Unjust Enrichment – Against All Defendants]**

36.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

37.     Sorenson has unjustly retained sums equitably due GEM and/or the GEM / Sorenson venture.  Sorenson's retention of these sums violates fundamental principles of justice, equity and good conscience.

WHEREFORE, Plaintiffs pray for relief as set forth below:

### FIFTH CAUSE OF ACTION

**[Declaratory Judgment – Against All Defendants]**

38.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

39.     An actual controversy exists between GEM and Sorenson, and pursuant to the general equitable powers of the Court, the Court may declare the rights and other legal relations of the parties in connection with the Escrow Agreement.

SV 346,367,734v1 3-2-09

40.    As set forth herein, Sorenson has not fulfilled its duties to GEM, and has no good faith basis to demand that GEM sign off on instructions to release the escrow funds, in which GEM has an interest.

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For damages according to proof;

2.    For interest on all damages according to proof;

3.    For disgorgement and/or restitution of any unjust enrichment;

4.    For declaratory judgment (i) that GEM is not required to sign off on joint written instructions to the escrow agent to release the escrow funds to Sorenson, and (ii) that the escrow agent not release any of the escrow funds to Sorenson pending further order of Court;

5.    For attorneys' fees and costs of suit; and

6.    For such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims so triable as of right.

Dated:  March 3, 2009.

GREENBERG TRAURIG, LLP


By: _William J. Goines_____
       William J. Goines
       Karen Rosenthal
       Cindy Hamilton

Attorneys for Plaintiffs GEM ACQUISITIONCO, LLC and GEM REALTY FUND IV, L.P.


Bruce S. Sperling
Thomas D. Brooks
SPERLING & SLATER, P.C.
55 West Monroe, Suite 3200
Chicago, IL  60603
312-641-3200
312-641-6492 (fax)
*(Pro hac vice motions forthcoming)*

SV 346,367,734v1 3-2-09

CASE NUMBER: CGC-09-485683  GEM ACQUISITIONCO, LLC et al VS. SORENSON GROUP H(

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **JUL-31-2009** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William J. Goines (SBN 061290)
Greenberg Traurig, LLP
1900 University Ave., 5th FL
East Palo Alto, CA 94303
TELEPHONE NO.: (650) 328-8500   FAX NO. (Optional): (650) 328-8508
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs GEM AcquisitionCo., LLC, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al.

DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al.

FOR COURT USE ONLY
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
2009 MAR 11 PM 4: 22
GORDON PARK-LI, CLERK
BY:_____
DEPUTY CLERK

CASE NUMBER: CGC-09-485683

## PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Sorenson Group Holdings, LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Don Wallace, Agent for Service of Process

4. Address where the party was served: 4393 Riverboat Rd., Suite 450, Salt Lake, City, Utah

5. I served the party (check proper box)
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 5, 2009   (2) at *(time):* 330 pm
   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
PROOF OF SERVICE OF SUMMONS
American LegalNet, Inc.
www.FormsWorkflow.com
Code of Civil Procedure, § 417.10
Page 1 of 2

| PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al. | CGC 09-485683 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                   (2) from *(city):*

   (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* Sorenson Group Holdings, LLC
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation) .          ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                      ☒ other: Limited Liability Company

7. Person who served papers
   a. Name: C Anderson
   b. Address: 230 W 200 S Suite 2302 SLC UT
   c. Telephone number: 801 619-1110
   d. The fee for service was: $ 75.00
   e. I am:

   (1) ☒ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
       (i)  ☐ owner ☐ employee ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 10, 2009

_C Anderson_                                    ► _C And_
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>William J. Goines (SBN 061290)<br>Greenberg Traurig, LLP<br>1900 University Ave., 5th FL<br>East Palo Alto, CA 94303<br>TELEPHONE NO.: (650) 328-8500　FAX NO. (Optional): (650) 328-8508<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs GEM AcquisitionCo., LLC, et al. | FOR COURT USE ONLY<br>SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br><br>2009 MAR 11 PM 4: 22<br><br>GORDON PARK-LI CLERK<br><br>BY:_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al.

DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>CGC-09-485683 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

**BY FAX**

3. a. Party served *(specify name of party as shown on documents served):* Timothy Fenton

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 4393 Riverboat Rd., Suite 450, Salt Lake, City, Utah

5. I served the party (check proper box)
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 5, 2009　(2) at *(time):*
   b. ☒ by substituted service. On *(date):* 3/05/2009　at *(time):* 330 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   Don Wallace, authorized representative of Sorenson Group Holdings, LLC and individual defendants
      (1) ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 3-6-09 from *(city):* Salt Lake City, UT　or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al. | CASE NUMBER: CGC 09-485883 |
|---|---|
| DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al. | |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                 (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                 ☐ other:

7. Person who served papers
  a. Name: C Anderson
  b. Address: 230 W 200 South Suite 2302 SLC UT
  c. Telephone number: 801-619-1110
  d. The fee for service was: $ 10.00
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

    C. Anderson                ▸    C. Anderson
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FILED FOR COURT USE ONLY |
|---|---|
| William J. Goines (SBN 061290) Greenberg Traurig, LLP 1900 University Ave., 5th Fl. East Palo Alto, CA 94303 | SUPERIOR COURT COUNTY OF SAN FRANCISCO |
| TELEPHONE NO.: (650) 328-8500    FAX NO. *(Optional):* (650) 328-8508 | 2009 MAR 11 PM 4: 23 |
| E-MAIL ADDRESS *(Optional):* | GORDON PARK LI CLERK |
| ATTORNEY FOR *(Name):* Plaintiffs GEM AcquisitionCo., LLC, et al. | BY: _____ DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: GEM ACQUISITIONCO., LLC, et al.

DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER: CGC-09-485683 |
|---|---|
| | Ref. No. or File No.: |

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Joseph Sorenson

   b. ☐ Person *(other than the party in item 3a)* served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 4393 Riverboat Rd., Suite 450, Salt Lake, City, Utah

5. I served the party (check proper box)
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 5, 2009    (2) at *(time):*
   b. ☒ by substituted service. On *(date):* 3/05/2009    at *(time):* 330 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* Don Wallace, authorized representative of Sorenson Group Holdings, LLC and individual defendants
      (1) ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 3-6-09 from *(city):* Salt Lake City, UT    or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | American LegalNet, Inc. www.FormsWorkflow.com | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al. | CASE NUMBER:<br>CGC 09-485683 |
|---|---|
| DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

     (1) on *(date)*:            (2) from *(city)*:

     (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

     (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

     ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify)*:
  c. ☐  as occupant.
  d. ☐  On behalf of *(specify)*:
     under the following Code of Civil Procedure section:

       ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**
  a. Name: C Anderson
  b. Address: 230 W 200 South Suite 2302 SLC UT
  c. Telephone number: 801 619 1110
  d. The fee for service was: $ 10⁰²
  e. I am:
     (1) ☒  not a registered California process server.
     (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐  a registered California process server:
        (i) ☐  owner ☐  employee ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

C Anderson
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   C Anderson
             (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

American LegalNet, Inc.<br>www.FormsWorkflow.com

FILED                    POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William J. Goines (SBN 061290)<br>Greenberg Traurig, LLP<br>1900 University Ave., 5th Fl.<br>East Palo Alto, CA 94303 | SUP... COUNT... ....ANCISCO<br><br>2009 MAR 11 PM 4: 23<br>GORD... ....-IL CLERK |

TELEPHONE NO.: (650) 328-8500    FAX NO. *(Optional)*: (650) 328-8508

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiffs GEM AcquisitionCo., LLC, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al.

DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al.

CASE NUMBER:
CGC-09-485683

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

BY FAX

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☒ summons
    b. ☒ complaint
    c. ☒ Alternative Dispute Resolution (ADR) package
    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☐ other *(specify documents)*:

3.  a. Party served *(specify name of party as shown on documents served)*: James L. Sorenson

    b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4.  Address where the party was served: 4393 Riverboat Rd., Suite 450, Salt Lake, City, Utah

5.  I served the party (check proper box)
    a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: March 5, 2009    (2) at *(time)*:
    b. ☒ by substituted service. On *(date)*: 3/05/2009    at *(time)*: 3:30 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
       Don Wallace, authorized representative of Sorenson Group Holdings, LLC and individual defendants
       (1) ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 3-16-09    from *(city)*: Salt Lake City, UT    or ☐ a declaration of mailing is attached.
       (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

American LegalNet, Inc.<br>www.FormsWorkflow.com

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: GEM ACQUISITIONCO, LLC, et al. | CASE NUMBER: CGC 09-485083 |
| DEFENDANT/RESPONDENT: SORENSON GROUP HOLDINGS, LLC, et al. | |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*  (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☒ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*
under the following Code of Civil Procedure section:
☐ 416.10 (corporation)   ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
☐ 416.50 (public entity)   ☐ 415.46 (occupant)
☐ other:

7. Person who served papers
a. Name: C Anderson
b. Address: 230 W 200 South Suite 2302 SLC UT
c. Telephone number: 801 619 1110
d. The fee for service was: $ 10⁰⁰
e. I am:
(1) ☒ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ a registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.:
(iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

C Anderson   ▶ C And
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)   (SIGNATURE)

# EXHIBIT 2

1   KENNETH A. KUWAYTI (SBN 145384)
    KKuwayti@mofo.com
2   MORRISON & FOERSTER LLP
    755 Page Mill Road
3   Palo Alto, California  94304-1018
    Telephone: 650.813.5600
4   Facsimile: 650.494.0792

5   Attorneys for Defendants
    SORENSON GROUP HOLDINGS, LLC, JAMES L.
6   SORENSON, JOSEPH SORENSON, AND TIMOTHY
    FENTON
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN FRANCISCO

10

11   GEM ACQUISITIONCO, LLC, and GEM          Case No.    CGC09-485683
     REALTY FUND IV, L.P.,
12                                            **NOTICE OF REMOVAL TO**
              Plaintiffs,                     **FEDERAL COURT**
13
         v.                                   Dept: 212
14                                            Judge: Hon. Arlene T. Borick
     SORENSON GROUP HOLDINGS, LLC,
15   JAMES L. SORENSON, JOSEPH SORENSON,      Complaint Filed: March 3, 2009
     TIMOTHY FENTON, and DOES 1-25, inclusive, Trial Date:  None set
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on April 2, 2009, Defendants Sorenson Group Holdings, LLC, James L. Sorenson, Joseph Sorenson, and Timothy Fenton ("Defendants") filed in the United States District Court for the Northern District of California, its Notice of Removal, and that the attached copy of said Notice of Removal is on file with the above-captioned Court.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1446, the filing of said Notice of Removal in the United States District Court for the Northern District of California, together with the filing of the attached copy of said Notice of Removal with this Court, effects the removal of this action, and the above-captioned Court may proceed no further unless and until the case is remanded.

Dated: April 3, 2009

KENNETH A. KUWAYTI
MORRISON & FOERSTER LLP

By: _____
     KENNETH A. KUWAYTI

Attorneys for Defendants
SORENSON GROUP HOLDINGS,
LLC, JAMES L. SORENSON,
JOSEPH SORENSON, and TIMOTHY
FENTON

---

NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY
pa-1327948

2

**PROOF OF SERVICE**
**(CCP 1011(a), 1013(a)(d)(e), 2015.5)**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date below, I served a copy of:

- 

☐ **BY FACSIMILE** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number (650) 494-0792 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☐ **BY U.S. MAIL** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom or reception desk of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom or reception desk and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom or reception desk.

William J. Goines
Karen Rosenthal
Cindy Hamilton
Greenberg & Traurig, LLP
1900 University Avenue
Fifth Floor
East Palo Alto, CA 94303

_____ Fax
_____ U.S. Mail
\_\_X\_\_ Overnight
_____ Personal
_____ E-mail **(courtesy copy)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California on April 3, 2009.

Andrea Vickery
(typed)

(signature)

pa-1328460

2

PROOF OF SERVICE

# EXHIBIT 3

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William J. Goines (SBN 061290) Karen Rosenthal (SBN 209419) 1900 University Avenue 5th Floor East Palo Alto, CA 94303 TELEPHONE NO.: 650.328.8500   FAX NO. *(Optional):* 650.328.8508 E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

SHORT TITLE:
GEM ACQUISTIONCO, et al. v. SORENSON GROUP, et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA ☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER: CFC 09-485683 |
|---|---|

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent):*
Custodian of Records C/O Real Capital Funding, Ltd., 8941 S 700 E, Suite 103, Sandy, UT 84070

2. The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction):*
Greenberg Traurig, LLP 1900 University Ave. 5th Floor East Palo Alto, CA 94303

3. The deposition will be conducted *(check one):*
   a. ☐ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)–(f); or
   b. ☐ Before *(name of appointee):*
      who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
   ☑ described in Attachment 4   ☐ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions.

Date: 03/26/2009

GORDON PARK-LI
☐ Judge
OR
☑ Clerk, by _____, Deputy
CAROLYN BALISTRERI

Page 1 of 3

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ. Proc., § 2026.010(f)
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

GREENBERG TRAURIG, LLP
WILLIAM J. GOINES, SBN 061290
KAREN ROSENTHAL, SBN 209419
1900 UNIVERSITY AVENUE, 5TH FLOOR
EAST PALO ALTO, CALIFORNIA  94303
TELEPHONE: (650) 328-8500
FACSIMILE:  (650) 328-8508

Attorneys for PLAINTIFF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P., <br><br> Plaintiff, <br><br> v. <br><br> SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH SORENSON, TIMOTHY FENTON, and DOES 1-25, inclusive, <br><br> Defendant. | CASE NO. CGC 09-485683 <br><br> **DECLARATION OF KAREN ROSENTHAL IN SUPPORT OF ORDER THAT COMMISSION ISSUE FOR DOCUMENT SUBPOENA OF REAL CAPITAL FUNDING, LTD. OUTSIDE OF CALIFORNIA** |

I, Karen Rosenthal, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and an attorney at Greenberg Traurig, LLP.  I am counsel for Plaintiffs, Gem Acquisitionco, LLC and GEM Reality Fund IV, L.P.

2. I have made arrangements to subpoena documents from Real Capital Funding, Ltd. to be delivered at the offices of Greenberg Traurig.

1

DECLARATION OF KAREN ROSENTHAL

SV 346315579 v1

3.  The collection of documents from the third party witness Real Capital Funding, Ltd. is relevant and necessary to the claims and defenses of this action.

4.  I have personal knowledge of the facts stated above and if called as a witness I would, and would, testify competently to the foregoing in the court of law.

I declare under penalty of perjury under the laws of the State of California that the foregoing in true and correct.

DATED:  March 26, 2009

Karen Rosenthal

4444444444444444444444444444444444444444

1  GREENBERG TRAURIG, LLP
   WILLIAM J. GOINES, SBN 061290
2  KAREN ROSENTHAL, SBN 209419
   1900 UNIVERSITY AVENUE, 5TH FLOOR
3  EAST PALO ALTO, CALIFORNIA  94303
   TELEPHONE: (650) 328-8500
4  FACSIMILE:  (650) 328-8508

5
   Attorneys for PLAINTIFF
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN FRANCISCO

10

11 GEM ACQUISITIONCO, LLC, and GEM          CASE NO. CGC 09-485683
   REALTY FUND IV, L.P.,
12                                          DECLARATION OF KAREN
                                            ROSENTHAL IN SUPPORT OF
13                        Plaintiff,        ORDER THAT COMMISSION ISSUE
                                            FOR DOCUMENT SUBPOENA OF B.
14      v.                                  RAY ZOLL C/O DIVERSIFIED
                                            BUSINESS STRATEGIES, LLC
15 SORENSON GROUP HOLDINGS, LLC, JAMES      OUTSIDE OF CALIFORNIA
   L. SORENSON, JOSEPH SORENSON,
16 TIMOTHY FENTON, and DOES 1-25, inclusive,

17                        Defendant.

18

19

20

21

22

23      I, Karen Rosenthal, declare as follows:

24      1.  I am an attorney duly licensed to practice law before all courts of the State of California and

25 an attorney at Greenberg Traurig, LLP.  I am counsel for Plaintffs, Gem Acquisitionco, LLC and GEM

26 Reality Fund IV, L.P.

27      2.  I have made arrangements to subpoena documents from B. Ray Zoll C/O Diversified

28 Business Strategies, LLC. to be delivered at the offices of Greenberg Traurig.

                                          1
                            DECLARATION OF KAREN ROSENTHAL

3. The collection of documents from the third party Ray Zoll C/O Diversified Business Strategies, LLC is relevant and necessary to the claims and defenses of this action.

4. I have personal knowledge of the facts stated above and if called as a witness I would, and would, testify competently to the foregoing in the court of law.

I declare under penalty of perjury under the laws of the State of California that the foregoing in true and correct.

DATED: March 26, 2009

Karen Rosenthal

SV 346315579 v1

DISC-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>William J. Goines (SBN 061290) Karen Rosenthal (SBN 209419)<br>1900 University Avenue 5th Floor<br>East Palo Alto, CA 94303<br>   TELEPHONE NO.: 650.328.8500    FAX NO. *(Optional)*: 650.328.8508<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco 94102
  BRANCH NAME:

SHORT TITLE:
GEM ACQUISITIONCO, et al. v. SORENSON GROUP, et al.

| | |
|---|---|
| **COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA**<br>☐ ORDERED BY COURT  ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER:<br>CFC 09-485683 |

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*:
   Custodian of Records C/O Silverleaf Financial, 224 S. 200 W. Salt Lake City, Utah, 801.359.2855

2. The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*:
   Greenberg Traurig, LLP 1900 University Ave. 5th Floor East Palo Alto, CA 94303

3. The deposition will be conducted *(check one)*:
   a. ☐ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)–(f); or
   b. ☐ Before *(name of appointee)*:
      who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
   ☑ described in Attachment 4  ☐ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions.

Date: 03/26/2009

GORDON PARK-LI

☐ Judge
OR
☑ Clerk, by _Carolyn Balistreri_ Deputy

CAROLYN BALISTRERI

Page 1 of 1

**COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA**

Code Civ. Proc., § 2026.010
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

GREENBERG TRAURIG, LLP
WILLIAM J. GOINES, SBN 061290
KAREN ROSENTHAL, SBN 209419
1900 UNIVERSITY AVENUE, 5TH FLOOR
EAST PALO ALTO, CALIFORNIA 94303
TELEPHONE: (650) 328-8500
FACSIMILE: (650) 328-8508

Attorneys for PLAINTIFF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, and GEM REALTY FUND IV, L.P., <br><br> Plaintiff, <br><br> v. <br><br> SORENSON GROUP HOLDINGS, LLC, JAMES L. SORENSON, JOSEPH SORENSON, TIMOTHY FENTON, and DOES 1-25, inclusive, <br><br> Defendant. | CASE NO. CGC 09-485683 <br><br> **DECLARATION OF KAREN ROSENTHAL IN SUPPORT OF ORDER THAT COMMISSION ISSUE FOR DOCUMENT SUBPOENA OF SILVERLEAF FINANCIAL OUTSIDE OF CALIFORNIA** |

I, Karen Rosenthal, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and an attorney at Greenberg Traurig, LLP. I am counsel for Plaintiffs, Gem Acquisitionco, LLC and GEM Reality Fund IV, L.P.

2. I have made arrangements to subpoena documents from Silverleaf Financial to be delivered at the offices of Greenberg Traurig.

1

DECLARATION OF KAREN ROSENTHAL

SV 346315572v1

3.  The collection of documents from the third party witness Silverleaf Financial is relevant and necessary to the claims and defenses of this action.

4.  I have personal knowledge of the facts stated above and if called as a witness I would, and would, testify competently to the foregoing in the court of law.

I declare under penalty of perjury under the laws of the State of California that the foregoing in true and correct.

DATED:  March 26, 2009

Karen Rosenthal

2

DECLARATION OF KAREN ROSENTHAL

SV 346315579 v1