IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, et al., | No. C 09-01484 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR DECLARATORY JUDGMENT and GRANTING DEFENDANTS' MOTION TO STRIKE JURY DEMAND** |
| v. | |
| SORENSON GROUP HOLDINGS, LLC, et al., | |
| Defendants. | |

Defendants have filed a motion for declaratory judgment and a motion to strike jury demand. The motions are scheduled for hearing on October 9, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion for declaratory judgment, without prejudice to renewal on a fuller record; and GRANTS defendants' motion to strike jury demand.

**BACKGROUND**

This dispute arises out of a joint venture agreement the parties entered into on February 9, 2009. Plaintiffs GEM Acquisitionco, LLC and GEM Realty Fund IV, L.P. (collectively, "GEM") are Chicago-based real estate investment firms. Decl. of Jonathan C. Romick in Supp. of Pls. Opp. to Defs. Mot. to Transfer ("Romick Decl.") ¶ 4 (Docket No. 16) . Defendant Sorenson Group Holdings, LLC is a Utah limited liability company with its principal place of business in Salt Lake City, Utah, and defendants James L. Sorenson, Joseph Sorenson, and Timothy Fenton are individuals residing in Utah who are members of Sorenson Group Holdings, LLC (collectively, "Sorenson"). Decl. of Mark Staples in Supp. of Defs. Mot. to Transfer Venue ("Staples Decl.") ¶ 3 (Docket No. 8).

In January 2009, the Federal Deposit Insurance Corporation ("FDIC"), acting in its capacity as

the receiver for two failed banks, announced the public auction of a pool of commercial construction loans ("Portfolio"). Only bidders qualified by the FDIC were permitted to participate in the auction. GEM is a qualified bidder, while Sorenson is not. GEM and Sorenson reached an Agreement on February 9, 2009, whereby they would jointly bid on the construction loans. Complaint ¶ 11; Agreement, Romick Decl. Ex. 2. GEM, as the qualified bidder, put up a $100,000 deposit with Keefe Bruyette and Woods ("KBW"), the investment bank handling the bidding process. Complaint ¶ 13. The parties agreed that if the FDIC identified the GEM/Sorenson bid as the winning bid, Sorenson would provide all necessary funding to acquire the loans and GEM would have the option to purchase a one-half interest in the loans or to receive a $600,000 payment for its role in the bid. *Id*. ¶ 14. The parties also entered into an Escrow Agreement, Romick Decl. Ex. 3, which required Sorenson to place $5,350,000 into escrow, $4,750,000 as an "Earnest Money Deposit" to be used to acquire the Portfolio in the event the GEM/Sorenson bid was successful, and $600,000 to be paid as a fee to GEM should it decide not to exercise its option to purchase an interest in the loans. Defs. Mot. for Decl. Judg. 1 (Docket No. 46). The parties agreed that if the GEM/Sorenson bid was unsuccessful, GEM and Sorenson would deliver joint written instructions to the escrow agent to return the escrow funds to Sorenson, and GEM would be entitled to the return of its $100,000 bid deposit with KBW. Specifically, the Agreement provides, in relevant part, as follows:

> 2. <u>Failed Bid.</u> If the FDIC (whether through KBW or other authorized representatives) notifies GEM that it is not the successful bidder for the Portfolio (an award of the winning bid is anticipated on Wednesday February 11, 2009), then the parties shall deliver joint written instructions [sic] Escrow Agent to return the Earnest Money Deposit and Fee to Sorenson, GEM shall be entitled to pursue a return of its Bid Deposit from KBW as its sole property without obligation to remit any portion thereof to Sorenson, and this Agreement shall terminate and the parties shall have no further obligations or liabilities to each other hereunder, other than under those provisions of this Agreement which expressly survive the termination of this Agreement.

Agreement ¶ 2.

On February 10, 2009, GEM submitted a bid to the FDIC for $40,150,000. Pls. Opp. to Defs. Mot. for Decl. Judg. 4 (Docket No. 51). On February 11, 2009, the FDIC sent a "Bid Confirmation Letter" to a third-party bidder, Diversified Business Strategies ("DBS"). Decl. of Colette R. Verkuil in Supp. of Mot. for Decl. Judg. ("Verkuil Decl.") Ex. 1 (Docket No. 47-2). The letter notified DBS that its bid of $41,000,468.22 was accepted as the successful bid, and that DBS was required to

consummate the purchase of the Portfolio on or about February 18, 2009. *Id*. Pursuant to this letter, DBS contacted Sorenson on February 12, 2009 to solicit Sorenson's financial assistance in closing on the Portfolio . On February 14, 2009, Sorenson signed a "Memo of Understanding for a Membership Acquisition" with DBS outlining the terms and conditions of their agreement to jointly acquire the Portfolio from FDIC. Decl. of Thomas R. Brooks in Supp. of Opp. ("Brooks Decl.") Ex. P (Docket No. 52-1). Later the same day, Sorenson's counsel contacted GEM's counsel to request that GEM execute joint written instructions to the escrow agent to release Sorenson's escrow funds because GEM was not the "successful bidder." Brooks Decl. Ex. T. However, GEM refused to sign the joint written instructions proposed by Sorenson, accusing Sorenson of acting in bad faith and breaching a non-circumvention clause of their Agreement, which reads as follows:

> 9. <u>Non-Circumvention</u>. Notwithstanding anything to the contrary contained herein, prior to the one (1) year anniversary of this Agreement neither GEM nor Sorenson nor any Affiliate thereof may purchase or otherwise acquire, directly or indirectly, any interest in the Portfolio or any portion thereof from FDIC except pursuant to this Agreement; provided, however, that if GEM is not the successful bidder, then the foregoing shall not be deemed to prevent either party or its Affiliates from acquiring the Portfolio or any portion thereof from the successful bidder.

Agreement ¶ 9. Meanwhile, on February 20, 2009, FDIC sold the Portfolio to a company formed by the Sorenson/DBS joint venture. Pls. Opp. to Defs. Mot. for Decl. Judg. 3-4.

On March 3, 2009, GEM filed a complaint against Sorenson in San Francisco Superior Court alleging claims for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment on the rights and legal relations between the parties in connection with the escrow arrangement. In the complaint, GEM asserted a demand for jury trial "on all claims so triable as by right." Complaint ¶ 40. On April 3, 2009, Sorenson invoked diversity jurisdiction and removed the case to this Court. On April 7, 2009, Sorenson filed an action against GEM in the District of Utah, *Sorenson Group Holdings v. Gem Acquisition*, C 09-293 ("the Utah case"), alleging GEM's breach of contract for refusing to execute the joint escrow instructions as required under their Agreement and seeking declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. See Decl. of Kenneth A. Kuwayti in Supp. of Defs. Mot. to Transfer ("Kuwayti Decl.") Ex. 8 (Docket No. 7-8). On April 13, 2009 defendants filed a motion to transfer venue to the District of Utah pursuant to 28 U.S.C. § 1404(a). Plaintiffs opposed defendants' motion

3

to transfer, and filed a motion to enjoin defendants from prosecuting the Utah case on May 1, 2009. This Court denied both motions on June 6, 2009. On July 20, 2009, Sorenson filed a First Amended Answer and Counterclaims to the Complaint ("Defs. Ans. & Counterclaims") (Docket No. 38) in which they denied the allegations made in plaintiffs' complaint and pled the breach of contract and declaratory judgment claims of the Utah case as counterclaims. On August 27, 2009, GEM filed a demand for jury trial on Sorenson's counterclaims.

Now before the Court are Sorenson's motion for declaratory judgment and motion to strike GEM's jury demand. With respect to the motion for declaratory judgment, Sorenson asserts that the Agreement explicitly provides that if GEM was notified that it was not the "successful bidder," Sorenson would be entitled to the immediate return of its escrow funds and their Agreement would terminate without any further obligations or liabilities to each other. Sorenson argues that GEM was not the "successful bidder" within the meaning of the Agreement and that GEM was notified by FDIC that it was not the "successful bidder." Accordingly, Sorenson moves this Court, under Rules 56(a) and (d), or alternatively under Rule 57, to enter declaratory judgment that GEM was notified that it was not the successful bidder and is therefore required to execute the joint escrow instructions as provided in the Agreement.

With respect to the motion to strike plaintiffs' jury demand, Sorenson relies on a jury waiver clause included in the Agreement, which reads as follows:

> <u>Waiver of Trial by Jury.</u> To the maximum extent permitted under applicable law, the parties hereby irrevocably waive their respective rights to a jury trial of any claim or cause of action based upon or arising out of this Agreement. This waiver shall apply to any subsequent amendments, renewals, supplements or modifications to this Agreement. In the event of litigation, this Agreement may be filed as a written consent to a trial by court.

Agreement ¶ 11(k). Sorenson argues that all the claims asserted in this action are based upon or arise out of the Agreement so that plaintiffs have waived their right to a jury trial. Defs. Reply in Supp. of Mot. to Strike Jury Demand 9 (Docket No. 56).

///

## LEGAL STANDARD

**1. Motion for Declaratory Judgment/Summary Judgment**

The Federal Rules of Civil Procedure provide the procedure for federal courts to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. Fed. R. Civ. P. 57. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. *Id*. The court may order a speedy hearing of a declaratory-judgment action and may advance the hearing on the calendar. *Id*. A declaratory judgment is appropriate when it will "terminate the controversy" based on undisputed or relatively undisputed facts, and it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion. *Id.*, Advisory Committee Notes 1937. In *Wilton v. Seven Falls Co.*, 515 U.S. 280, 286-87 (1995), the Supreme Court emphasized that the Declaratory Judgment Act gives district courts broad discretion in determining whether to allow suits for declaratory relief to proceed. A party seeking declaratory relief must satisfy the "case or controversy" requirement of 28 U.S.C. § 2201(a). Declaratory relief is appropriate if "the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000) (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)).

Sorenson concedes in its reply that the present motion, although styled as a motion for declaratory judgment, is in fact a motion for partial summary judgment on its counterclaim for declaratory judgment. Defs. Reply in Supp. of Mot. for Decl. Judg. 2-3 (Docket No. 54). Accordingly, this Court will use the summary judgment standard to determine whether Sorenson's declaratory judgment claim can be decided as a matter of law at this stage of the proceedings.

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of

5

production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(e)).

At the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

### 2. Motion to Strike Jury Demand

Under Federal Rule of Civil Procedure 39(a), a Court may strike a jury demand where the parties have executed a waiver of their right to a jury trial. *See Great Earth Int'l Franchising Corp. v. Milks Development*, 311 F. Supp. 2d 419, 436-38 (S.D.N.Y. 2004); *Okura & Co., Inc. v. Careau Group*, 783 F. Supp. 482, 488-89 (C.D. Cal.1991). Any such waiver must be "knowingly and voluntarily executed." *Okura & Co.*, 783 F. Supp. at 488.

**DISCUSSION**

### 1. Defendant's Motion for Declaratory Judgment/Summary Judgment

Sorenson asks this Court to declare that GEM was notified that it was not the "successful bidder" within the meaning of the Agreement and that it is therefore required to execute the joint written instructions to release Sorenson's escrow funds. Defs. Mot. for Decl. Judg. 4-5. GEM argues that Sorenson is not entitled to such relief because under the Federal Rules, "a party may not make a *motion* for declaratory relief but rather, the party must bring an *action* for a declaratory judgment." Pls. Opp. to Defs. Mot. for Decl. Judg. 9 (citing *Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne*

*Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (original emphasis)). In response, Sorenson explains that it is moving for summary judgment on its counterclaim for declaratory judgment pursuant to Rules 56(a) and (d). Defs. Reply in Supp. of Mot. for Decl. Judg. 2-3. Alternatively, Sorenson asks this Court to schedule a speedy trial pursuant to Rule 57 in the event this Court finds that there is a triable factual dispute and that summary judgment would not be appropriate for resolving this issue. *Id.* 3.

Sorenson maintains that there is no triable issue of fact related to its declaratory judgment claim and that the issue of whether GEM is required to execute the joint escrow instructions to release Sorenson's escrow funds can be decided as a matter of law based on the plain meaning of the Agreement. Defs. Reply in Supp. of Mot. for Decl. Judg. 3-4.

GEM contends that it has raised genuine issues of fact with regard to Sorenson's material breach and wrongful conduct sufficient to preclude this Court from granting Sorenson summary judgment on its declaratory judgment claim. *Id*. GEM argues that the parties' dispute over the escrow provision cannot be divorced from the rest of the claims in this action. Pls. Opp. to Defs. Mot. for Decl. Judg. 11-12. GEM contends that Sorenson breached its express contractual duties as well as its fiduciary duties when it turned its back on GEM and negotiated with a third party to acquire the Portfolio for itself. *Id*. According to GEM, FDIC's acceptance of DBS's bid on February 11, 2009 was only a conditional acceptance, subject to DBS tendering the amount of its bid. *Id*. Accordingly, GEM argues that Sorenson materially breached the non-circumvention clause of their Agreement by abandoning their joint venture when FDIC was still considering GEM as a candidate bidder. *Id*. Further, GEM contends that Sorenson's actions prevented GEM from becoming the successful bidder because without Sorenson's financial backing, DBS's bid would have failed and GEM would have been selected in place of DBS. *Id*. GEM claims it is excused from performing its contractual obligation to release Sorenson's escrow funds in light of Sorenson's material breach of the non-circumvention clause of the Agreement and its wrongful actions that prevented GEM from being awarded the bid. *Id*. 13.

The Agreement provides that it is governed by Delaware law. Agreement ¶ 11(k). GEM relies on *Biolife Solutions, Inc. v. Endocare, Inc.*, 838 A.2d. 268, 278 (Del. Ch. 2003), to assert that GEM is excused from its obligation to execute the joint escrow instructions based on the well-established principle that "[a] party is excused from performance under a contract if the other party is in material

7

1 breach." Pls. Opp. to Defs. Mot. for Decl. Judg. 13. Sorenson argues, without citing any authority, that
2 this principle only applies to contractual obligations of "further efforts relating to going forward with the
3 Agreement" and that the issue of Sorenson's material breach has nothing to do with the issue of whether
4 GEM is required to release Sorenson's escrow funds. Defs. Reply in Supp. of Mot. for Decl. Judg. 10.
5 However, this Court finds that GEM has raised sufficient factual disputes regarding breach and excuse
6 to make summary adjudication of Sorenson's declaratory judgment claim inappropriate at this time.[1] The
7 Court DENIES defendants' motion without prejudice to renewal on a fuller record at the summary
8 judgment stage of the proceedings.

9 Sorenson makes an alternative request that the Court schedule an early trial pursuant to Rule 57
10 in the event this Court finds that there are issues of fact that require resolution. Defs. Reply in Supp. of
11 Mot. for Decl. Judg. 3. A district court may schedule a prompt hearing to adjudicate a declaratory
12 judgment claim if "a prompt resolution may be reached, consistent with the interests of justice and the
13 rights of all parties." *United States v. Stein*, 452 F. Supp. 2d 230, 270 (S.D.N.Y. 2006), *vacated on other*
14 *grounds*, *Stein v. KPMG, LLP*, 486 F.3d 753 (2d Cir. 2007). Here, with the consent of the parties, trial
15 has been set for May, 2010; and dispositive motions are due no later than February, 2010. The Court
16 DENIES Sorenson's request for an early trial, but notes that any party is free to file a motion for
17 summary judgment as soon as it practicably can, provided only that the evidentiary record is sufficient
18 and, in material ways, undisputed.

19

20 **2.    Defendants' Motion to Strike Plaintiffs' Jury Demand**

21 The parties dispute whether the jury waiver clause contained in their Agreement, which provides
22 for jury waivers "[t]o the maximum extent permitted under applicable law" on all claims "based upon
23 or arising out of" the Agreement, covers all the claims and counterclaims asserted in this action. This
24 Court finds that all of the parties' claims are based upon or arise out of the Agreement and therefore fall
25 within the jury waiver clause contained in the parties' Agreement.

26

---

[1] The Court expresses no view on the merits of GEM's breach of contract claim or its claim that Sorenson's wrongful conduct prevented GEM from being selected as the successful bidder. The Court concludes only that Sorenson's motion is premature.

8

Sorenson argues that the jury waiver clause is broad enough to cover all the claims asserted by GEM, as well as the counterclaims asserted by Sorenson, based on the fact that the parties expressly agreed to waive their rights to jury trials "[t]o the maximum extent permitted under applicable law." Defs. Mot. to Strike Jury Demand 2 (Docket No. 48). Sorenson further argues that all of the parties' claims are based upon or arise out of their Agreement because they necessarily relate to the interpretation or performance of the Agreement. Defs. Reply in Supp. of Mot. to Strike Jury Demand 1.

GEM argues that the jury waiver clause should be construed more narrowly to cover only contractual claims; GEM asserts that its fiduciary duty claim, unjust enrichment claim, and declaratory judgment claim fall outside the scope of the jury waiver clause because these claims go beyond mere breach-of-contract claims "based upon or arising out of" the Agreement. Pls. Opp. to Defs. Mot. to Strike Jury Demand 1 (Docket No. 50). GEM relies on the fact that the jury waiver clause only covers claims "based upon or arising out of" the Agreement as opposed to claims "relating to" the Agreement. Pls. Opp. to Defs. Mot. to Strike Jury Demand 7. Specifically, GEM cites *TWI Lite Int'l., Inc. v. Anam Pacific Corp.* to argue that claims "arising out of" a contract are narrowly drawn and does not include non-contractual claims within its scope. *TWI Lite Int'l., Inc. v. Anam Pac. Corp.*, Nos. 96-2323, 96-2664, 1996 WL 637843, at *7 (N.D. Cal. Oct. 24, 1996) (citing *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994)). However, the cases cited by GEM still hold that claims "arising out of" a contract encompass disputes "relating to the interpretation and performance of the contract itself." *Tracer Research Corp.*, 42 F.3d at 1295 (*quoting Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir.1983) ).

### A. Fiduciary Duty Claim and Unjust Enrichment Claim

GEM argues that its fiduciary duty claim and unjust enrichment claim fall outside the scope of the jury waiver clause because they are not merely allegations of contractual violations "arising out of" their Agreement but are rather claims based on Sorenson's wrongful conduct going beyond a breach of contract. Pls. Opp. to Defs. Mot. to Strike Jury Demand 8-11. Although GEM explains at length how its fiduciary duty claim and unjust enrichment claim are separate and distinct from its contractual claims,

9

GEM fails to show how these claims can be decided absent the interpretation of the parties' Agreement. In other words, since the alleged wrongful conduct by Sorenson can only be established based on the parties' contractual relationship, GEM's fiduciary duty claim and unjust enrichment claim necessarily relate to the interpretation of the Agreement. Accordingly, this Court finds that these claims arise out of the Agreement and are therefore within the scope of the jury waiver clause.

### B. Declaratory Judgment Claim

Sorenson makes two arguments in support of striking GEM's jury demand for the declaratory judgment claim asserted by GEM and the declaratory judgment counterclaim asserted by Sorenson. First, Sorenson argues that both declaratory judgment claims seek purely equitable relief and thus do not give rise to the right to a jury trial in the first place. The Court finds it unnecessary to resolve this question, however, because it agrees with Sorenson's second argument, that both of these claims fall within the scope of the jury waiver clause because they are based upon or arise out of the parties' Agreement. Defs. Mot. to Strike Jury Demand 7. Both of these claims specifically ask the Court to declare the rights and obligations of the parties in connection with their escrow arrangement. The Escrow Agreement expressly makes reference to the provisions of the Agreement governing the disbursement of the escrow funds. Escrow Agreement, Recitals C. Thus, determinations on the parties' escrow arrangement will necessarily involve interpretation of relevant provisions of the Agreement defining the conditions under which the parties' obligations to execute escrow instructions will be triggered. Accordingly, this Court finds that the declaratory judgment claims both "arise out of" the Agreement and are therefore within the scope of the jury waiver clause.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Sorenson's motion for declaratory judgment, without prejudice to renewal on a fuller record, and GRANTS Sorenson's motion to strike jury demand. (Docket Nos. 46, 48).

**IT IS SO ORDERED.**

Dated: October 8, 2009

*Susan Illston*

_____
SUSAN ILLSTON
United States District Judge