IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEM ACQUISITIONCO, LLC, et al.,

        Plaintiffs,

  v.

SORENSON GROUP HOLDINGS, LLC, et al.,

        Defendants.

                        /

No. C 09-01484 SI

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION**

Plaintiff GEM has filed a motion to compel with respect to certain requests for admission ("RFAs") propounded in June 2009. In this action, GEM claims that defendant Sorenson breached the parties' agreement to acquire an FDIC loan portfolio together by separately acquiring an interest in the portfolio in partnership with another entity. According to GEM, the RFAs at issue in the present motion seek admissions regarding "the nature of the transaction whereby Defendants acquired the portfolio interest, and regarding the identity of the parties involved in that transaction."

Under Federal Rule of Civil Procedure 36, "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" that are generally within the scope of discovery. Fed. R. Civ. P. 36(a)(1). Upon receiving an RFA, the answering party must admit or deny the request, or "state in detail why the answering party cannot truthfully admit or deny it. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* 36(a)(4). If the answering party objects to a request, the requesting party may address the dispute to the court. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not

1  comply with this rule, the court may order either that the matter is admitted or that an amended answer

2  be served." *Id.* 36(a)(6).

3      The present motion seeks to have RFA Nos. 1-10, 13-15 and 36 deemed admitted, or in the

4  alternative, to strike Sorenson's objections and order a response.

5

6  **I.     RFA Nos. 1-6**

7      RFA Nos. 1-6 seek information related to the FDIC's role in creating the loan portfolio.  The

8  requests ask Sorenson to admit: (1) "that on July 25, 2008, the FDIC was appointed receiver for First

9  National Bank of Nevada"; (2) "that as receiver, the FDIC owned the loan portfolio"; (3) "that the FDIC

10 formed FNBN-CLMCON 1 LLC, a Delaware limited liability company (the 'Company')"; (4) "that the

11 FDIC contributed the Loan Portfolio to the company as a capital contribution"; (5) "that the FDIC held

12 the sole membership interest in the Company (the 'LLC Interest')"; and (6) "that the FDIC transferred

13 the LLC Interest to SGH FNB Ventures, LLC."  Sorenson objected to each of these RFAs, primarily on

14 the ground that, even after reasonable inquiry, Sorenson lacked sufficient information to enable it to

15 admit or deny the requests.

16     Sorenson's responses to RFA Nos. 1-6 were valid.  Each request sought an admission regarding

17 the FDIC's actions, and Sorenson properly objected that it lacked personal knowledge sufficient to make

18 the admissions.  Sorenson correctly points out that statements in the parties' contract such as "the FDIC

19 formed the Company" or "the FDIC was appointed receiver for the Failed Bank" were made based on

20 the FDIC's representations as to these matters, and that Sorenson cannot be forced to rely on these third-

21 party representations to make binding admissions.  *See* Schwarzer et al., Federal Civil Procedure Before

22 Trial § 11:2048 (Rule 36's "reasonable inquiry" requirement "is limited to persons and documents

23 within the responding party's control" and "does not require the responding party to interview or

24 subpoena records from third parties in order to admit or deny a RFA").

25     GEM's motion to compel responses to RFA Nos. 1-6 is therefore DENIED.

26

27 **II.    RFA Nos. 7-10**

28     RFA No. 7 ask Sorenson to admit that it was a "manager" of the company that acquired the loan

2

portfolio from the FDIC. Sorenson initially objected to the request on the ground the term "manager" was vague and ambiguous. After meeting and conferring with GEM, Sorenson served a supplemental response admitting that the agreement that created SGH FNB Ventures, LLC, the company which ultimately acquired the loan portfolio at issue, stated: "'Manager' means Sorenson Group Management, LLC, a Delaware limited liability company." Sorenson otherwise denied the request on the ground "it was unclear what other meaning, if any, the term 'manager' was given under the LLC Agreement for SGH FNB Ventures, LLC."

In moving to compel an additional response to RFA No. 7, GEM apparently seeks an admission regarding the extent of the management powers Sorenson exercised over SGH FNB Ventures. Sorenson cannot credibly claim that it lacks information sufficient to admit or deny, or that GEM's request is vague. The SGH FNB Agreement states on its face that Sorenson had "all management powers over the business and affairs of the Company," including the power to "conduct, direct and exercise full control over all activities of the Company" and the power to delegate management authority and revoke such delegations. *See* SGH FNB Agreement, Ex. F. to Brooks Decl., at 13. GEM's motion to compel is GRANTED as to RFA No. 7 and the scope of Sorenson's management authority over SGH FNB Ventures, as defined in the SGH FNB Agreement, is deemed admitted.

RFA Nos. 8-10 seek admissions that the three individual defendants were "managers" of Sorenson as of the date the interest in the loan portfolio was acquired. GEM specified that it used the term "manager" as defined in Sorenson's own LLC Agreement. In its supplemental response, Sorenson stated that each individual defendant "would not be considered 'Manager' because all management powers are vested exclusively in the Board pursuant to Section 5.1 of the LLC Agreement for Sorenson Group Management, LLC." Sorenson states in response to the motion to compel that because the individual defendants "cannot as individuals 'manage' the Company, Sorenson cannot admit the truth of Requests 8-10." In the Court's view, Sorenson lacks a valid basis to refuse to admit that individual defendants James Sorenson, Joseph Sorenson, and Timothy Fenton were "managers" of Sorenson *as defined in Sorenson's own LLP Agreement*. Accordingly, the motion to compel is GRANTED as to these RFAs and the fact that the individual defendants were "managers" of Sorenson, as defined in Sorenson's LLP Agreement, is deemed admitted.

1

2      **III.    RFA Nos. 13-15, 36**

3           These requests seek admissions regarding the nature of the transaction by which Sorenson

4      acquired the loan portfolio.  RFA No. 13 asks Sorenson to admit "that SGH FNB Ventures, LLC was

5      an Affiliate of Sorenson (as defined in the Agreement dated February 9, 2009 between GEM and

6      Sorenson)" at the time Sorenson acquired the loan portfolio.  Sorenson objected to the request primarily

7      on the ground that the term "Sorenson" was ambiguous and could refer to Sorenson Group Management,

8      LLC, Sorenson Group Holdings, LLC, James or Joseph Sorenson, or Timothy Fenton.  The February

9      9, 2009 agreement referenced in the request refers to Sorenson Group Holdings, LLC as "Sorenson

10     Member" and to James Sorenson, Joseph Sorenson, and Timothy Fenton as "Sorenson Parent."  The

11     agreement then states, "Sorenson Member and Sorenson Parent are sometime[s] used herein collectively

12     as "Sorenson."  Agreement, Ex. D to Brooks Decl., at 1.  Sorenson states in its opposition to the motion

13     to compel, "Given this ambiguity, Sorenson cannot give a simple and direct answer without knowing

14     which definition controls."  Given the fact that the contractual language at issue was drafted by the

15     parties, the Court believes that the parties can resolve this dispute through a further meet and confer.

16     The parties are ordered to meet and confer no later than **April 16, 2010** and make a good-faith attempt

17     to resolve their dispute regarding RFA No. 13.

18          RFA Nos. 14 and 15 seek admissions that "an Affiliate of Sorenson (as defined in the Agreement

19     dated February 9, 2009 between GEM and Sorenson)" either directly or indirectly "acquired the

20     Portfolio from the FDIC."  Sorenson refused to admit or deny these requests on the ground they call for

21     legal conclusions.  The Court agrees.  In these requests, GEM is essentially asking Sorenson to admit

22     GEM's interpretation of a disputed provision of the parties' contract: specifically, that Sorenson

23     acquired the portfolio in violation of the contract.  Because legal conclusions are not a proper subject

24     of a request for admission, *see Vaden v. Summerhill*, No. 06-1836, 2008 WL 822152, at *2 (E.D. Cal.

25     Mar. 27, 2008), GEM's motion to compel responses to RFA Nos. 14 and 15 is DENIED.

26          Finally, RFA No. 36 seeks an admission "that Sorenson facilitated a competing bid for the

27     Portfolio before the FDIC notified GEM that GEM was not the successful bidder for the Portfolio."

28     Sorenson denied the request, and GEM apparently brings this motion to compel on the theory that

4

Sorenson's denial lacked a "good faith basis." In the Court's view, the admission sought is not the proper subject of an RFA. This request goes to the heart of GEM's claim of breach of contract and asks Sorenson to admit one of the key facts in dispute. As a request for admission "should not be used to establish facts which are obviously in dispute," *id.*, GEM's motion to compel an additional response to RFA No. 36 is DENIED.

**CONCLUSION**

GEM's motion to compel is GRANTED as to RFA Nos. 7-10 and DENIED as to RFA Nos. 1-6, 14-15, and 36. The parties are directed to meet and confer regarding RFA No. 13 no later than **April 16, 2010.**

**IT IS SO ORDERED.**

Dated: April 5, 2010

SUSAN ILLSTON
United States District Judge