IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEM ACQUISITIONCO, LLC, et al., | No. C 09-01484 SI |
| Plaintiff, | **ORDER RE: SORENSON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION** |
| v. | |
| SORENSON GROUP HOLDINGS, LLC, et al., | |
| Defendant. | |

Sorenson has filed a motion to compel further responses to several its first and second sets of interrogatories, requests for production, and requests for admission. The discovery requests at issue seek information and documents regarding GEM's assets, business plans, investment activity, and recent dealings with its investors for the purpose of assessing the likelihood that GEM would have exercised its Option to acquire an interest in the Portfolio. The requests also seek information and documents regarding any communications that may have disqualified GEM from exercising its Option and any efforts by GEM to mitigate damages.

**Interrogatory 19:** This interrogatory asked GEM to describe the amount of damages it is seeking and its methodology for arriving at that amount. The parties' letter briefs focus on whether a response to this interrogatory is necessary despite the fact that both parties have retained damages experts. In light of the fact that expert reports have now been exchanged, it does not appear necessary to compel a response to this interrogatory. The motion to compel is DENIED.

**Interrogatory 10:** This interrogatory asked GEM to identify communications which GEM or

its investment partners had with any borrowers in the Portfolio. GEM responded by stating that neither it nor its partners "had substantive communications with any borrower . . . regarding the Commercial Loan Portfolio or any individual loans in that portfolio." Sorenson states that this request is relevant because any such communications may have disqualified GEM from exercising its Option, and objects to GEM's response as vague and incomplete. However, Sorenson does not refute that it has taken extensive deposition testimony on this specific topic, and GEM states that it will supplement its interrogatory response if necessary upon its review of the final deposition transcripts. The motion to compel a further response to this interrogatory is therefore DENIED.

**Interrogatory 20:** This request asked GEM to identify all communications it had with Sorenson's attorneys concerning the non-circumvention clause in the parties' agreement. In its response, GEM objected to the request on the ground Sorenson was already aware of all communications its attorneys had with GEM. By way of a substantive response, GEM simply stated, "Plaintiffs refer Defendants to materials produced in response to Defendants' requests for production of documents, as the burden of deriving or ascertaining the answer as to such communications and from such materials will be substantially the same for either party."

Ordinarily, the Court would be disinclined to permit this type of response, which essentially forces the receiving party to sift through an undifferentiated mass of documents. *See Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996) (parties responding to discovery "may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer"). However, the interrogatory at issue sought information regarding communications with Sorenson and its counsel – communications of which Sorenson should certainly have been aware without propounding discovery. The motion to compel a further response to Interrogatory 20 is therefore DENIED.

**Interrogatory 17 and Requests for Production 23-25 & 28:** These requests seek information and documents concerning GEM's willingness to exercise its Option, including GEM's business plans, its communications with investors regarding its business strategy, and its past investment activity.

2

Interrogatory 17 asked GEM to identify the real estate investments it made in the past three years. On the same day GEM filed its response to Sorenson's motion to compel, it filed a supplemental response identifying specific pages in its document production that were responsive to the request. The motion to compel is therefore DENIED.

RFPs 23 and 24 seek documents reflecting GEM's past, current and future business plans, models, and strategic goals from the past three years, and RFP 25 seeks communications between GEM and its investors describing these plans, models, and goals. Finally, RFP 28 seeks documents showing GEM's investments over the past three years, the terms and conditions of the investments, and the performance of the investments. GEM has also supplemented its document production in response to these requests. The motion to compel further responses to the RFPs is therefore DENIED.

**Interrogatory 15 and Requests for Production 27, 29 & 32:** These requests seek information and documents concerning GEM's financial ability to exercise its Option. Interrogatory 15 asked GEM to describe the assets in its possession as of February 9, 2009 that it would have used to exercise its Option. RFPs 27, 29, and 32 pertain to GEM's budgets, balance sheets, asset schedules, financial statements for 2009 and 2010, and financial projects and investment performance data since 2009.

GEM has produced the information and documents with respect to Gem Realty Fund IV. GEM argues that although Sorenson also seeks this information for past hedge funds (e.g., Gem Realty Fund III), Sorenson has failed to explain the need for financial documents relating to funds that were not involved in the transactions at issue in this case. The Court agrees, especially in light of the fact that, as Sorenson acknowledges in its motion to compel, Sorenson has propounded separate discovery upon non-parties Gem Realty Capital, Inc., Gem Realty Properties, and Gem Realty Fund III. Accordingly, the motion to compel further responses to Interrogatory 15 and RFPs 27, 29 and 32 is DENIED.

**Interrogatories 9, 11, 12 & 14 and Requests for Production 26, 30, 34 & 35:** These requests seek information and documents about GEM's investment partners and potential funding sources, which Sorenson asserts are relevant to the issues of loss causation and loss calculation. In responding to the interrogatories, GEM stated that Sorenson had already received extensive document production and

taken depositions on these topics. GEM additionally asserts that, because of the early rejection of its bid, it never got so far as to actually contact any potential sources of funding. Sorenson's motion to compel further responses to Interrogatories 9, 11, 12 and 14 is therefore DENIED.

GEM states that it has already produced, or is in the process of producing, all non-privileged responsive documents under RFPs 26, 30 and 34. The motion to compel is therefore DENIED with respect to these requests. RFP 35 seeks documents reflecting GEM's "efforts to obtain financing in connection with any investment since January 1, 2008." GEM objects to this request to the extent it seeks information outside the scope of this lawsuit, which pertains only to Gem Realty Fund IV's efforts to bid on the Portfolio at issue in this case. GEM again argues that Sorenson has failed to explain the relevance of financing obtained by hedge funds not involved in this case, and once again, the Court agrees. Accordingly, the motion to compel a response to RFP 35 is GRANTED insofar as it pertains to Gem Realty Fund IV, and DENIED in all other respects.

**Interrogatories 13, 16 & 18:** These interrogatories pertain to GEM's efforts to mitigate damages, including any other investments made since February 2009 and the current status of the assets in GEM's position as of February 2009, "including the current value and form of the asset, and whether the asset has been used to finance another investment." Leaving aside the issue of whether Sorenson has waived its right to discovery on this topic by not pleading failure to mitigate as an affirmative defense, the Court does not believe that the concept of mitigation makes sense in this context, where it is entirely speculative whether GEM could, or indeed should, have attempted to mitigate by engaging in other investment activities. The motion to compel is therefore DENIED as to these interrogatories.

///

4

**Requests for Admission 3, 4, 6 & 8**: These requests asked GEM to admit that the FDIC notified GEM that the Loan Portfolio had not been awarded to it, that its bid had not been selected, that its bid had not been accepted, and that it was not the "successful bidder" for the Portfolio. GEM disputes whether the FDIC ever properly "notified" GEM of anything, including the fact that it was not ultimately the successful bidder; GEM asserts that it could not be the "successful bidder" unless it actually closed on the deal, which Sorenson prevented it from doing.

To the extent GEM's objection is based on the fact that the term "notified" is "undefined" in Sorenson's requests, the Court believes the parties can resolve this dispute through a further meet-and-confer. The parties are hereby directed to meet and confer no later than **May 28, 2010** and to make a good faith effort to resolve their dispute over these RFAs.

## CONCLUSION

Sorenson's motion to compel is GRANTED in part and DENIED in part. (Docket No. 94). GEM is directed to produce responses in accordance with this order no later than **May 28, 2010.**

**IT IS SO ORDERED.**

Dated: May 18, 2010

SUSAN ILLSTON
United States District Judge