IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEM ACQUISITIONCO, LLC, et al.,

    Plaintiffs,

  v.

SORENSON GROUP HOLDINGS, LLC, et al.,

    Defendants.

No. C 09-01484 SI

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

**(Docket No. 109)**

GEM has filed a motion to compel Sorenson to produce information and documents reflecting the net worth and financial condition of each of the individual defendants, James Sorenson, Joseph Sorenson, and Timothy Fenton.[1] Specifically, GEM seeks documents showing "each Defendant's financial condition and holdings (including assets, liabilities, net worth, income and profits) for the years 2008 and 2009 and to the present, including, *e.g.*, financial statements and tax returns," as well as a statement of "each Defendant's net worth as of February 9, 2009 and at present."

The Court agrees with Sorenson that GEM is not entitled to the discovery it seeks. GEM seeks the discovery at issue in this motion for purposes of calculating a punitive damages claim. Contrary to GEM's representation, however, it has no claim for punitive damages in this case. GEM's complaint does not contain a prayer for punitive damages. Additionally, although any punitive damages claim must be based on GEM's sole tort cause of action – for breach of fiduciary duty – the complaint does not allege that Sorenson engaged in malice, fraud, or oppression. Under California law, "a breach of

---

[1] GEM's motion also addressed discovery requests propounded to corporate defendant Sorenson Group Holdings, LLC and nonparty SGH FNB Ventures, LLC, but defendants have already produced or are in the process of producing discovery related to these entities. As such, the present dispute relates only to the individual defendants.

a fiduciary duty alone without malice, fraud or oppression does not permit an award of punitive damages." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 230 Cal. Rptr. 276, 278 (Cal. Ct. App. 1986). Furthermore, GEM has been conducting discovery in this case without any indication to Sorenson, either in its initial disclosures or in response to an interrogatory specifically asking it to state the basis and amount of its claimed damages, that it intends to seek punitive damages.

GEM states that Sorenson has puts its own financial condition at issue by stating that the Portfolio has turned out to be less valuable than Sorenson initially anticipated due to negative tax consequences. However, the only source GEM cites is a statement from the deposition of one of the individual defendants. To the Court's knowledge, Sorenson has never taken this position in any of its pleadings or moving papers.

Accordingly, GEM's motion to compel is DENIED.

**IT IS SO ORDERED.**

Dated: June 22, 2010

SUSAN ILLSTON
United States District Judge